IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN ENRIQUEZ, | : | MOTION TO VACATE |
| BOP ID 08087-104, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:17-CV-5302-WSD-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:15-CR-146-4-WSD-CMS |

### FINAL REPORT AND RECOMMENDATION

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the district court *must* dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b) (emphasis added). For the reasons set forth below, I **RECOMMEND** that this case be **DISMISSED** pursuant to Rule 4(b), and I **FURTHER RECOMMEND** that a Certificate of Appealability be **DENIED**.

Juan Enriquez and four co-conspirators were jointly indicted in 2013 for bank fraud conspiracy, substantive bank fraud, and aggravated identity theft. *See* [1]. In brief, the government charged that Enriquez and his co-conspirators impersonated actual account holders at banks insured by the

Federal Deposit Insurance Corporation in order to make single-step or two-step cash withdrawals and money transfers from the rightful account holders' compromised bank accounts to accounts controlled by the co-conspirators and others.  *See id.*

As a scheduled November 2016 trial date approached, Enriquez entered into a Guilty Plea and Plea Agreement.  *See* [150-1].  Enriquez's plea agreement explicitly stated that he was pleading guilty to Count 1 (bank fraud conspiracy) and Count 9 (aggravated identity theft).  The Honorable William S. Duffey, Jr. conducted a Rule 11 hearing, determined that there was a factual basis for the plea, concluded that Enriquez was entering into all the terms of the plea agreement knowingly and voluntarily, and accepted Enriquez's guilty plea.  *See* [150 (minute sheet)]; *see also* [156 (transcript)].

Sentencing memoranda were filed by both the government and Enriquez.  *See* [188] & [190].  And Enriquez conceded, through counsel, that he owed total restitution of $252,825.90.  *See* [237] at 8-9; *see also* [201-1].

In January 2017, Judge Duffey granted a Motion for Reduction of Sentence Based on Substantial Assistance filed by the government, *see* [195

& 199], and sentenced Enriquez to a fifteen-month term of imprisonment for Count 1 (bank fraud conspiracy) and a mandatory consecutive twenty-four-month term of imprisonment for Count 9 (aggravated identity theft), *see* [204].

Shortly after sentencing, Enriquez's counsel moved to withdraw. *See* [223]. Judge Duffey entered an order permitting Enriquez's counsel to withdraw and referred this matter to me "to appoint new counsel based upon the standard practices of this Court." [225] at 2. I noted that the filing stated that Enriquez was seeking the appointment of new counsel solely "to represent [him] in connection with possible pursuit of a claim under 28 U.S.C. § 2255." [230] at 2.[1] Because it is well-settled that there is no constitutional entitlement to court-appointed counsel for post-conviction motions in federal court, *see, e.g., United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004), I denied the request without prejudice. *See* [230].

Enriquez never filed a direct appeal, but he has now filed a § 2255 motion. *See* [246]. I have construed Enriquez's § 2255 motion liberally,

---

[1]   I also specifically noted that "[t]he motion does not state that Enriquez has indicated an interest in (or ever indicated an interest in) pursuing a direct appeal." [230] at 1.

because he is proceeding *pro se*.  *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Enriquez raises four grounds for relief.  *See* [246] at *passim*.  First, Enriquez states that "a miscarriage of justice has occurred, where Petitioner was charged with a crime he did not commit . . . ."  *Id.* at 4.  Second, Enriquez contends that his "attorney's ineffectiveness caused Petitioner to be sentenced under a count dismissed by the Government [in] a breach of agreement."  *Id.* at 5.  Third, Enriquez asserts that "the Government withheld [a] promise of leniency to an un-indicted co-conspirator and violated Petitioner[']s due process rights."  *Id.* at 6.  And, fourth, Enriquez argues that his "attorney's ineffectiveness caused the Petitioner to receive a harsher sentence where there is no evidence to support the enhancement." *Id.* at 8.

I note as an initial matter that Enriquez's plea agreement includes a waiver of collateral attack rights that excepted only "[c]laims that Defendant's counsel rendered constitutionally ineffective assistance."  [150-1] at 17.  Such collateral attack waivers are ordinarily enforceable.  *See, e.g.*, *Williams v. United States*, 396 F.3d 1340, *passim* (11th Cir. 2005).  And Enriquez raises no claim in his § 2255 motion that his collateral attack

waiver ought not be enforced, either because of an alleged procedural irregularity during the Rule 11 hearing or otherwise. *Cf.* [156] at 51-53 & 89-91.

Consequently, Enriquez's Grounds One and Three are barred by the collateral attack waiver in his plea agreement. Furthermore, Enriquez's Grounds One and Three are barred by the principle that claims that could have been raised in a direct appeal, but were not, may not later be raised in collateral proceedings. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) )"[c]ourts have long and consistently held that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal").[2]

---

[2]   I would, in any event, recommend denial of Ground One because Enriquez (A) acknowledged in his plea agreement that he was in fact guilty of the two counts to which he pleaded, *see* [150-1] at 1, and (B) admitted the government could prove each element of each of those counts during the Rule 11 hearing, *see* [156] at *passim.*

And I would, in any event, recommend denial of Ground Three because Enriquez is arguing that his sentence ought to be vacated because the government did not charge Kim Smedley, a person he regards as more blameworthy than himself. *See* [246] at 6. However, absent a constitutionally impermissible motivation, "the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982)) (addressing a selective prosecution claim). And no such unconstitutional motivation has been alleged by Enriquez in this case.

Enriquez's other two grounds for relief state ineffective assistance of counsel claims that fall outside the scope of his collateral attack waiver. Each of these claims, however, is refuted by the record of prior proceedings and provides no basis for relief because Enriquez has not alleged facts sufficient to demonstrate "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In Ground Two, Enriquez argues that he "signed a plea agreement pleading guilty to counts 1 and 11 [and instead] was sentenced under counts 1 and 9." [246] at 5. This argument is contradicted by the plea agreement itself which states plainly in three places that Enriquez was pleading guilty to Counts 1 and 9, *see* [150-1] at 1 (two mentions) & 5 (one mention), and which states the "maximum and mandatory minimum penalties" for Counts 1 and 9, *see id.* at 3. This argument is further contradicted by Enriquez's answers during the Rule 11 hearing colloquy, where he acknowledged, repeatedly, that he was pleading guilty to Counts 1 and 9. *See* [156] at *passim*. The government did not "breach" the plea agreement, and Enriquez's counsel did not provide ineffective assistance by failing to identify a non-existent "breach," where the record plainly indicates that

6

Enriquez was advised and agreed that he was pleading guilty to Counts 1 and 9.

In Ground Four, Enriquez contends that his attorney should have argued during sentencing that he was not a "manager or supervisor" and that the conspirators did not employ "sophisticated means" to carry out their crimes.  [246] at 8.  But Enriquez's own § 2255 motion acknowledges that he recruited "a friend and his nephew," *see* [246] at 8; *see also* [156] at 61, which is sufficient to warrant a three-level enhancement for acting as a "manager or supervisor," *see* U.S.S.G. §3B1.1(b), Application Notes 2&4. And "sophisticated means" includes "[c]onduct such as hiding assets or transactions, or both," U.S.S.G. §2B1.1, Application Note 9, which is plainly what occurred in this large-scale bank fraud conspiracy and identity theft ring, *see* [156] at 59-75 & 89-91.  Consequently, Enriquez did not receive ineffective assistance of counsel when his attorney did not challenge these two enhancements.  *Cf. Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (it is not ineffective assistance for counsel to decline to argue "what he reasonably believed was a claim doomed to fail"); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance").

As noted above, because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," 28 U.S.C. foll. § 2255, Rule 4(b), I have recommended that Enriquez's § 2255 motion be dismissed.

Similarly, because Enriquez does not meet the requisite standards, I have recommended that a Certificate of Appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 19th day of April, 2018.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE