**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JUAN ENRIQUEZ, | : | |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:15-CR-146-4-MLB |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:17-cv-3502-MLB |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant pro se motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 248]. Movant has filed his objections in response to the R&R. [Doc. 250].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

As is much more fully discussed in the R&R, at a Rule 11 hearing before the Honorable William S. Duffey, Jr., Movant pleaded guilty pursuant to a plea agreement to one count of bank fraud conspiracy and one count of aggravated identity theft, in

relation to a scheme in which members of the conspiracy impersonated account holders at banks to fraudulently withdraw money. Judge Duffey accepted Movant's guilty plea after concluding that there was a factual basis for the plea and that Movant was entering into his plea, as well as the terms of the plea agreement, knowingly and voluntarily. [Doc. 150]. Judge Duffey imposed (1) a fifteen-month sentence for the bank fraud conspiracy conviction, (2) a mandatory, consecutive, twenty-four-month term for aggravated identity theft, and (3) restitution in the amount of $252,825.90. [Doc. 204].

In the R&R, the Magistrate Judge recommends that Movant's § 2255 motion be denied pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, because it plainly appears from the record that Movant is not entitled to relief.

In his objections, Movant mostly reargues his claims for relief without clearly identifying specific instances of error in the R&R. He first indicates that he misapprehends the criminal law theories of conspiracy and aiding and abetting, despite the fact that the record reflects that both Judge Duffey and Movant's trial counsel provided Movant with clear explanations of how these concepts work, and Movant stated at the plea hearing that he understood those explanations. As admitted by Movant at his plea hearing, he participated in, and provided aid to, the scheme to fraudulently withdraw money from certain banks. As Judge Duffey explained to

Movant at the plea hearing, aiding and abetting occurs when an individual willfully directs or authorizes the acts of an agent, employee, or other associate to violate the law. [Doc. 156 at 41]; see 18 U.S.C. § 2. At the hearing, Movant expressly stated that he understood that concept and that he intended to plead guilty to the aggravated identity theft count as an aider and abettor. [Doc. 156 at 41]. Moreover, specific to the aggravated identity theft count, Movant expressly admitted that an individual impersonated Chase Bank customer LW and removed $646,000.00 from LW's home equity account and placed it into a fake checking account that he had opened in LW's name. The impersonator then had a cashier's check in the amount of $30,000.00 made out to Movant's nephew whom Movant had recruited into the scheme. [Id. at 70-73].

Accordingly, this Court concludes that Movant's assertions in his objections that he personally did not commit identity theft by posing as a bank customer with respect to the bank accounts listed in the indictment is unavailing. Indeed, Count Nine of the indictment specifically charges Movant with aggravated identity theft in connection to the LW account discussed above. [Doc. 1 at 6].

This Court further concludes that, because Movant admitted his role in the scheme and expressly stated that he understood how his criminal liability arose with respect to the aggravated identity theft count, he cannot now claim that his trial counsel somehow misled him, and his claim that he "did not admit the government could prove

3

AO 72A (Rev.8/82)

each element of each of those counts during the rule 11 hearing," [Doc. 250 at 3], is clearly contradicted by the record.

Movant's contention that the Magistrate Judge erred in concluding that he was not entitled to relief on the basis of his claims concerning the fact that other participants in the scheme who engaged in illegal behavior were not prosecuted also fails. Again, Movant admitted to committing bank fraud and identity theft, which is sufficient to support his convictions regardless of how the Government treated other co-conspirators involved in the scheme.

One assertion in the § 2255 motion that the Magistrate Judge did not fully address, however, is Movant's claim that he asked his attorney to file an appeal and the attorney refused to do so. In his objections, Movant states that when he asked his attorney to appeal, the attorney said that he was not entitled to an appeal. Under Eleventh Circuit precedent, the right to an appeal in a criminal case is fundamental.

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right. It is a right which is fundamental to the concept of due process of law. A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal in forma pauperis.
>
> . . . By way of analogy we think that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case.

4

AO 72A
(Rev.8/82)

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972) (citations and quotations omitted). According to the Eleventh Circuit, a criminal defense attorney has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the attorney believes the appeal has any chance of success. Thompson v. United States, 504 F.3d 1203, 1207 (11th Cir. 2007).

In Thompson, in response to Thompson's claim that he had told his attorney to file an appeal and that the attorney had failed to do so, the district court held a hearing at which Thompson and his attorney testified. The district court found that the attorney's testimony that Thompson did not ask him to file an appeal was more credible than Thompson's testimony to the contrary. Id. at 1205-06. Nonetheless, the Eleventh Circuit reversed, concluding that the "record is clear that no reasonable effort was made to discover Thompson's informed wishes regarding an appeal." Id. at 1207.

Under Thompson, the burden of demonstrating a knowing and intelligent waiver of an appeal appears to rest with the Government. In order for the Government to prevail in this action, it would have to establish that Movant's attorney explained "the appellate process[,] the advantages and disadvantages of taking an appeal, [and] that he was obligated to file an appeal if that is what [Movant] wanted, regardless of his recommendation." Id. Under Thompson, trial counsel's failure to remember exactly

5

AO 72A
(Rev.8/82)

what he told Movant almost two years ago would seem to require a finding in Movant's favor.

Given the importance that the Eleventh Circuit attaches to a criminal defendant's right to an appeal and in the interest of judicial efficiency, this Court concludes that the best course is to use its discretion to grant Movant an opportunity to appeal his convictions and sentences.

For these reasons, the R&R, [Doc. 248], is hereby **ADOPTED** in part and **REJECTED** in part as the order of this Court, and the pending § 2255 motion, [Doc. 246], is **GRANTED** in part, but only with respect to Movant's claim that trial counsel failed to file an appeal despite Movant's request that he do so. As to the remainder of Movant's claims, the § 2255 motion is **DENIED**. This Court further agrees with the Magistrate Judge that, with respect to the claims upon which relief is denied, Movant has failed to demonstrate a reasonably debatable entitlement to relief, and a Certificate of Appealability is thus **DENIED**.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

AO 72A
(Rev.8/82)

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips,

(1) The criminal judgment in this action is **VACATED**.

(2) The sentence, special assessment, and restitution payments imposed by this Court on January 6, 2017, are **REIMPOSED** with appropriate credit for time already served and sums of the special assessment and restitution that may have already been paid.

(3) Movant is hereby **ADVISED** that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for in forma pauperis status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) if he is unable to afford counsel for the appeal, an attorney will be appointed for him; (e) with few exceptions, any notice of appeal must be filed within fourteen days of the entry of this order.

**IT IS SO ORDERED** this 5th day of September, 2018.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)